**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



_____
Mary Ann Whipple
United States Bankruptcy Judge

**Dated: January 03 2011**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 10-31450 |
| | ) | |
| Terry Lee Auger and | ) | Chapter 7 |
| Patricia Ann Auger, | ) | |
| | ) | |
| Debtors. | ) | JUDGE MARY ANN WHIPPLE |

**<u>MEMORANDUM OF DECISION AND ORDER</u>**

This case is before the court on the United States Trustee's motion to dismiss for abuse brought under 11 U.S.C. § 707(b)(2) and (b)(3) and brief in support thereof, [Doc. ## 35 & 44], and Debtors' opposition [Doc. # 42]. Although the parties also filed a Stipulation of Facts [Doc. # 43], because their briefs rely on facts that are not included in the Stipulation, the court held a hearing that Debtor Terry L. Auger, Debtors' counsel and counsel for the United States Trustee ("UST") attended in person and at which the parties presented testimony and other evidence in support of their respective positions.

The district court has jurisdiction over this Chapter 7 case pursuant to 28 U.S.C. § 1334(a) as a case under Title 11. It has been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 84-1 of the United States District Court for the Northern District of Ohio. Proceedings to determine a motion to dismiss a case under § 707(b) are core proceedings that this court may hear and decide. 28 U.S.C. § 157(b)(1), (b)(2)(J) and (O).

Having considered the briefs and the arguments of counsel, the Stipulation of Facts, and the testimony and evidence offered by the parties, for the reasons that follow, the court will grant the UST's

motion and will dismiss Debtors' Chapter 7 case unless they timely convert it to a case under Chapter 13.

## BACKGROUND

Debtors are married and have no dependents. Debtors' combined gross income for 2009 was $116,966. On March 3, 2011, they filed a petition for relief under Chapter 13 of the Bankruptcy Code, listing primarily consumer debts. On April 20, 2010, they converted their case to a case under Chapter 7. As required under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 and the Federal Rules of Bankruptcy Procedure, after conversion of the case, they completed and filed Official Form B22A, Statement of Current Monthly Income and Means Test Calculation. *See* 11 U.S.C. § 707(b)(2)(C); Fed. R. Bankr. P. 1007(b)(4). They subsequently submitted an amended Form B22A as an attachment to their opposition to the UST's motion to dismiss. [Doc. #42-1].

In their amended means test calculation, Debtors report total current monthly income ("CMI"), as that term is defined in 11 U.S.C. § 101(10A), in the amount of $7,757.26, which annualized is $93,087.12 and is above the median family income in Ohio for a household the size of Debtors'. Their amended Form B22A means test calculation includes deductions totaling $7,611.18. Their total deductions include a deduction on line 25 for income taxes, social security taxes and Medicare taxes in the total amount of $1,567.65, a deduction on line 32 for telecommunication services in the amount of $85.00, and a deduction on line 45 for Chapter 13 administrative expenses in the amount of $70.30. The line 45 deduction was calculated by applying the current multiplier for this district (7.10%) to a projected average monthly Chapter 13 plan payment of $990.13.[1] In light of Debtors' calculations, they report monthly disposable income in the amount of $146.08. They therefore indicate that a presumption of abuse under § 707(b)(2) does not arise.

The UST disagrees, arguing that Debtors overstate their payroll taxes, telecommunication expenses and projected Chapter 13 administrative expenses on lines 25, 32, and 45 of the amended Form B22A means test and that, if properly calculated, there is a presumption of abuse. In support of his position, the UST offers the testimony of bankruptcy analyst Catherine Lowman. Lowman testified that the $1,567.65 deducted on line 25 of Debtors' amended means test form as an expense for social security, Medicare, and income taxes represents the amounts withheld from Debtors' pay for these expenses. Lowman testified that Debtors' actual taxes paid are properly determined by subtracting from the $1,567.65 monthly payroll tax

---

[1] Although Debtors' original Form B22A means test form also included a $14 garbage expense on line 21, they have omitted this expense in their amended means test form. Other changes in the amended form include decreasing their telecommunication expense from $152 to $85 and increasing the Chapter 13 administrative expense from $14.20 to $70.30. [*Compare* UST Ex. 4 *with* UST Ex. 8].

2

withholding the monthly average of their income tax refund, which she calculates at $244.92, for a total monthly tax expense of $1,322.73. This calculation is based on the 2009 federal income tax refund received by Debtors in the amount of $2,939.00 ($2939 \div 12 = \$244.92$). Although Debtors' projected income for 2010 is approximately $24,000 less than their 2009 income, Lowman credibly testified that the decrease in income is not likely to result in a material change in the amount of Debtors' 2010 income tax refund since the magnitude of the refund is largely due to deductions based on their significant mortgage interest expense, which deductions they are able to continue to take advantage of as they have stated an intention to reaffirm both their first and second mortgage debts. In addition, Lowman testified that the $800 Making Work Pay tax credit will continue to be available in 2010.

In support of his motion to dismiss, the United States Trustee also contends that the amount set forth on line 32 of amended Form B22A as expenses for telecommunication services is overstated by $35. Terry Auger testified that Debtors' monthly expense for a bundled service that includes cable television, internet service, and telephone service is $125. According to Lowman, the usual cost for internet service is $50 per month. With respect to the amount on line 45 for Chapter 13 administrative expenses, the parties agreed at the hearing that $45 is a reasonable projection of such expenses rather than the $70.30 included in Debtors' amended Form B22A. Thus, the line 45 figure is overstated by $25.30.

Although the UST also argues under § 707(b)(3) that the totality of the circumstances of Debtors' financial situation demonstrates abuse, because the court agrees that a presumption of abuse arises in this case, it does not address the § 707(b)(3) argument.

## LAW AND ANALYSIS

Where debts are primarily consumer debts, as in this case, the court may, after notice and a hearing, dismiss a Chapter 7 petition "if it finds that the granting of relief would be an abuse of the provisions of [Chapter 7]." 11 U.S.C. § 707(b)(1). Under § 707(b)(2) and (3), Congress provided two methods by which a party may prove abuse. Section 707(b)(2)(A) sets forth an extensive "means test" calculation to determine whether there is a presumption of abuse. The means test calculation requires a debtor to subtract certain allowed deductions from the debtor's CMI. A presumption of abuse exists if the resulting amount, multiplied by sixty, is not less than the lesser of

(I) 25 percent of the debtor's nonpriority unsecured claims in the case, or $6,575, whichever is greater; or
(II) $10,950.

3

11 U.S.C. § 707(b)(2)(A)(i).[2] Where the means test calculation results in sufficient disposable income such that a presumption of abuse arises, a debtor may rebut that presumption by demonstrating "special circumstances" as set forth in § 707(b)(2)(B).

Section 707(b)(2)(A)(ii) sets forth permissible deductions from CMI to determine whether a presumption of abuse arises. That section provides in relevant part as follows:

> The debtor's monthly expenses shall be the debtor's applicable monthly expense amounts specified under the National Standards and Local Standards, and the debtor's actual monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service for the area in which the debtor resides. . . .

11 U.S.C. § 707(b)(2)(A)(ii)(I). Debtors' tax expense and telecommunication services expense fall under "Other Necessary Expenses" in calculating deductions under the means test. Therefore, as § 707(b)(2)(A)(ii)(I) specifies, only the amounts actually expended by Debtors' for these expense items are permitted as deductions.

Although Lowman testified that Debtors' line 32 deduction of $85 for telecommunication services is overstated by $35, the evidence is insufficient to so conclude. Lowman's testimony is based on her contention that the usual monthly cost for internet service is only $50. However, a line 32 deduction may include not only the cost of internet services but also the cost of certain telephone services, such as pagers, call waiting, caller id, and long distance, to the extent provided for Debtors' health and welfare or for the production of income. *See* Internal Revenue Manual, 5:15.1.10 (Financial Analysis Handbook, "Other Expenses"). There was no testimony at the hearing as to how Debtors calculated the amount set forth on line 32 or whether the amount includes telecommunication services other than basic home telephone service and cell phone service.

Nevertheless, the court credits Lowman's testimony regarding the proper calculation of Debtors' payroll tax expense on line 25 of the means test form. Debtors' stated payroll tax expense of $1,567.65 on line 25 is overstated by $244.92, apparently due to Debtors reporting the amount withheld from their pay rather than their actual tax liability. Income tax withholding is not the same as actual tax liability, and can be manipulated by taxpayers to produce excess withholding and a refund. Adding the $244.92 amount by which the line 25 deduction is overstated and the $25.30 amount by which the line 45 deduction is overstated to Debtor's monthly disposable income of $146.08 reported in their amended Form B22A results

---

[2] In accordance with 11 U.S.C. § 104, the Judicial Conference of the United States adjusted upward the dollar amounts in § 707(b), the effective date of which was April 1, 2010. 75 Fed. Reg. 8747 (Feb. 25, 2010). Because Debtors' bankruptcy case was filed before the effective date of the adjustments, all references to § 707(b) include the pre-April 1, 2010, dollar amounts.

4

in monthly disposable income of $416.30, or $24,978.00 over a sixty-month period. Thus, a presumption of abuse arises and Debtors have demonstrated no special circumstances rebutting that presumption.

**THEREFORE**, for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Debtors are allowed twenty-eight (28) days from the date of this order to file a motion to re-convert to a Chapter 13 case, absent which the United States Trustee's motion to dismiss [Doc. # 35] will be granted, and this case will be dismissed by separate order of the court.

10-31450-maw    Doc 50    FILED 01/03/11    ENTERED 01/03/11 11:28:38    Page 5 of 5